IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,445-02






EX PARTE CASEY JOE HANNAH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. A05-312 IN THE 216TH JUDICIAL DISTRICT COURT


FROM KERR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to engaging in
organized criminal activity, and was sentenced to thirty years' imprisonment. He did not appeal his
conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because
counsel failed to investigate, interview witnesses, obtain discovery of the State's evidence, or explain
to Applicant that a conviction could not be had solely on the uncorroborated testimony of an
accomplice. Applicant alleges that he would not have pleaded guilty had he been aware that State
had no independent evidence to corroborate the statements of accomplice witnesses, and that such
evidence was necessary to support a conviction.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall provide Applicant's trial counsel with the opportunity to respond to Applicant's claim of
ineffective assistance of counsel. The trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. 
Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the State had evidence other than the
statements of accomplices to support Applicant's conviction for engaging in organized criminal
activity, and if so, what that evidence was. The trial court shall make findings as to whether counsel
properly advised Applicant of the requirement that accomplice-witness evidence be corroborated by
independent evidence. The trial court shall make findings as to whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: May 21, 2008

Do not publish